S07Y1516. IN THE MATTER OF W. GRADY PEDRICK.

(652 SE2d 543)

PER CURIAM.

This disciplinary matter is before the Court on two Reports of the Special Master recommending that Respondent W. Grady Pedrick be disbarred. After being personally served with a formal complaint in two separate matters, Pedrick failed to respond and the State Bar filed motions for default, which were granted by orders entered March 2, 2007. Accordingly, the facts alleged and violations charged in the formal complaints were deemed admitted, see Bar Rule 4-212 (a), and the special master concluded that Pedrick violated Rules 1.3, 1.4, 8.4 (a) (4), and 9.3 of Bar Rule 4-102 (d) of the Georgia Rules of Professional Conduct. The maximum penalty for a violation of either Rule 1.3 or 8.4 (a) (4) is disbarment, while the maximum penalty for a violation of either Rule 1.4 or 9.3 is a public reprimand.

*State Disciplinary Board Docket No. 4947*

In this matter, a client hired Pedrick in September 2003 to represent her in an employment discrimination case and paid Pedrick $500 in attorney fees and $150 for costs to file the lawsuit in superior court. In December 2003, Pedrick filed the suit in Ware County Superior Court but it was removed to the United States District Court, Southern District of Georgia in January 2004. The same month, the district court ordered Pedrick to confer with the defendants' counsel, develop a discovery plan, and submit to the district court a joint written report with defendants' counsel outlining the discovery plan. After Pedrick failed to comply with the order, one of the defendants filed a motion to dismiss in February 2004 and, after repeated efforts to contact Pedrick, filed a unilateral report in May 2004. On June 29, 2004, the district court entered an order finding Pedrick had not made a single filing, had failed to respond to the motion to dismiss, and had failed to participate in the conferences that had been ordered; the order also required Pedrick to show cause within 15 days as to why the action should not be dismissed for want of prosecution. Pedrick again failed to respond and on October 21, 2004, the district court entered an order dismissing Pedrick's client's action with prejudice. Pedrick did not communicate with his client about the developments in the suit and did not respond to her attempts to contact him. After agreeing to meet the client in December 2004 at his office, Pedrick did not show for the meeting and subsequently failed to honor the client's request to return her file and to refund the money she paid him.

*State Disciplinary Board Docket No. 5130*

In this matter, Pedrick filed a notice of appearance as associate counsel for a client in November 1999 after the client's attorney became ill and was ordered by the district court to associate counsel in handling the case. Neither the attorney nor Pedrick notified the client that Pedrick had been associated in the case. The client first learned of Pedrick's involvement in March 2000 when Pedrick attended a pre-trial hearing in the case. On March 27, 2000, the district court placed the case on the civil suspense file and ordered it deleted from the roll of pending cases with leave for the case to be reopened if not settled. Although Pedrick subsequently told the client on several occasions that the case was still active and that he would take action to prosecute the case, Pedrick failed to do so and on October 18, 2000, the district court warned Pedrick and the other attorney that the case would be dismissed if counsel took no action. Pedrick still failed to take any action in the case and failed to inform the client of the March and October 2000 orders.

We have reviewed the record and agree with the special master that, based on the above-stated conduct and Pedrick's failure to respond to disciplinary authorities, Pedrick violated Rules 1.3, 1.4, 8.4 (a) (4), and 9.3 of Bar Rule 4-102 (d) of the Georgia Rules of Professional Conduct. We find no mitigating or aggravating factors in either of these matters. Accordingly, Pedrick hereby is disbarred from the practice of law in Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED OCTOBER 29, 2007.

*William P. Smith III, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar*, for State Bar of Georgia.

*H. Patterson Garner*, for Pedrick.

